# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELICIA JOHNSON, | : | CASE NO. 3:17-cv-02018 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| THE CARTWRIGHT LIMITED PARTNERSHIP I d/b/a CENTRAL FORD-MERCURY, | : | |
| Defendant. | : | MARCH 1, 2018 |

## THE CARTWRIGHT LIMITED PARTNERSHIP I'S
## ANSWER, AFFIRMATIVE DEFENSES, AND JURY CLAIM

Defendant The Cartwright Limited Partnership I d/b/a Central Ford-Mercury, by and through its attorneys, answers the Complaint as follows:

### I.  INTRODUCTION

1. Central Ford-Mercury denies so much of Paragraph 1, which alleges

from the defendant, The Cartwright Limited Partnership I d/b/a Central Ford-Mercury ("Central Ford"), for engaging in unfair trade practices, including a "yo-yo" sale of a motor vehicle, also known as a spot delivery. The illegal, unfair and deceptive actions engaged in consisted of offering financing with Central Ford acting as the creditor, upon Plaintiff's acceptance of the offer, delivering possession of the vehicle to the Plaintiff, then demanding the return of the vehicle, and requiring that she enter into a new contract with different terms as a condition of retaking possession, then repossessing the vehicle.

With regard to the remaining allegations contained in Paragraph 1, as pled, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and, therefore, leaves the Plaintiff to her proof.

2. Central Ford-Mercury denies the allegations set forth in Paragraph 2.

## II.   PARTIES

3.  Central Ford-Mercury admits Paragraph 3 to the extent it alleges that the Plaintiff is a consumer and a natural person.  With regard to the remaining allegations contained in Paragraph 3, as pled, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and, therefore, leaves the Plaintiff to her proof.

4.  Central Ford-Mercury admits the allegations set forth in Paragraph 4.

## III.   JURISDICTION

5.  Central Ford-Mercury admits Paragraph 5 to the extent it alleges that this Court has jurisdiction over the federal statutory claims the Plaintiff has alleged.  With regard to the remaining allegations contained in Paragraph 5, as pled, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and, therefore, leaves the Plaintiff to her proof.

6.  Central Ford-Mercury admits the allegations set forth in Paragraph 6.

7.  Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and, therefore, leaves the Plaintiff to her proof.

8.  Central Ford-Mercury admits Paragraph 8 to the extent it alleges that the transaction occurred in Connecticut.  With regard to the remaining allegations set forth in Paragraph 8, as pled, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and, therefore, leaves the Plaintiff to her proof.

## IV.   FACTUAL ALLEGATIONS

9.  Central Ford-Mercury admits the allegations set forth in Paragraph 9.

10. Central Ford-Mercury denies the allegations set forth in Paragraph 10.

11. Central Ford-Mercury denies the allegations set forth in Paragraph 11.

12. Central Ford-Mercury denies the allegations set forth in Paragraph 12.

13. Central Ford-Mercury denies the allegations set forth in Paragraph 13.

14. Central Ford-Mercury denies the allegations set forth in Paragraph 14.

15. Central Ford-Mercury denies the allegations set forth in Paragraph 15.

16. Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, therefore, leaves the Plaintiff to her proof.

17. Central Ford-Mercury admits Paragraph 17 to the extent it alleges that, on or about May 29, 2017, the Plaintiff visited Central Ford-Mercury.  With regard to the remaining allegations set forth in Paragraph 17, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and, therefore, leaves the Plaintiff to her proof.

18. Central Ford-Mercury admits Paragraph 18 to the extent it alleges that, while visiting Central Ford-Mercury, the Plaintiff met with sales person Judith McEwan. Except as expressly admitted herein, Central Ford-Mercury denies the allegations set forth in Paragraph 18.

19. Central Ford-Mercury admits the allegations set forth in Paragraph 19.

20. Central Ford-Mercury denies the allegations set forth in Paragraph 20.

21. Central Ford-Mercury admits the allegations set forth in Paragraph 21.

22. Central Ford-Mercury admits the allegations set forth in Paragraph 22.

23. Central Ford-Mercury admits Paragraph 23 to the extent it alleges that, in conjunction with agreeing to purchase a new 2017 Ford Escape (the "Escape"), the Plaintiff wished to trade in her 2010 Hyundai Accent (the "Hyundai"). At the time the Plaintiff wished to purchase the Escape, she still owed the lien-holder for the Hyundai approximately $3,345.00. The Plaintiff negotiated a price of $5,000.00 as the gross trade-in allowance for the Hyundai, leaving her with a net value of $1,655.00 to be applied toward her purchase of the Escape after the underlying lien for the Hyundai was satisfied. Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 23.

24. Central Ford-Mercury admits Paragraph 24 to the extent it alleges that the Purchase Order for the Vehicle listed a sale price of $28,545.00. With regard to the remaining allegations contained in Paragraph 24, as pled, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and, therefore, leaves the Plaintiff to her proof.

25. Central Ford-Mercury admits the allegations set forth in Paragraph 25.

26. Central Ford-Mercury admits the allegations set forth in Paragraph 26.

27. Central Ford-Mercury admits the allegations set forth in Paragraph 27.

28. Central Ford-Mercury admits Paragraph 28 to the extent it alleges that the Plaintiff took delivery of the Escape on dealer license plates. With regard to the remaining allegations contained in Paragraph 28, Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and, therefore, leaves the Plaintiff to her proof.

29. Central Ford-Mercury denies the allegations set forth in Paragraph 29.

30. Central Ford-Mercury admits the allegations set forth in Paragraph 30.

31. Central Ford-Mercury denies the allegations set forth in Paragraph 31, as stated. Further answering, when Regional Credit Acceptance ("RAC") sought to confirm the employment status of the Plaintiff – as represented by the Plaintiff in her credit application – it learned that the Plaintiff was not, in fact, employed full-time. RAC, therefore, declined to purchase the retail installment contract (the "Contract").

32. Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and, therefore, leaves the Plaintiff to her proof.

33. Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and, therefore, leaves the Plaintiff to her proof.

34. Central Ford-Mercury admits Paragraph 34 to the extent it alleges that, on or about June 2, 2017, a representative from Central Ford-Mercury contacted the Plaintiff to inform her that, upon further investigation, her credit application had been denied when it was discovered that the Plaintiff was not employed on a full-time basis. Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 34.

35. Central Ford-Mercury lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and, therefore, leaves the Plaintiff to her proof.

36. Central Ford-Mercury denies the allegations set forth in Paragraph 36.

37. Central Ford-Mercury denies the allegations set forth in Paragraph 37.

38. Central Ford-Mercury admits Paragraph 38 to the extent that it alleges that, due to the Plaintiff's credit history and part-time employment status, a third-party lender would agree to extend her a loan for the Escape if she paid an additional $2,500.00 toward the purchase price.  Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 38.

39. Central Ford-Mercury admits Paragraph 39 to the extent that it alleges that, on or about June 5, 2017, the Plaintiff and Ms. McEwan exchanged the following text messages concerning the purchase, finance, and return of the Escape:

> **Plaintiff**: Sorry, I'm at work and can't talk. But was wondering if I could pay the dealership the payments for the Ford Escape since they are marked on my finance paperwork as the creditor/seller?
>
> **McEwan**: Sorry dear[.] I just checked with the finance mngr and unfortunately she said no. The car needs to be back today or the 2500. Or she will need to cancel the plate. Sorry
>
> **Plaintiff**: My car is still there and it'll have my plates on it??
>
> **McEwan**: I just need to check your plate number. With you and yes it is still here

Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 39.

40. Central Ford-Mercury admits Paragraph 40 to the extent that it alleges that, on or about June 5, 2017, the Plaintiff and Ms. McEwan exchanged the text messages (excerpted in Answer to Paragraph 39 of Complaint, supra) concerning the purchase, finance, and return of the Escape.  Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 40.

41. Central Ford-Mercury admits Paragraph 41 to the extent that it alleges that, on or about June 5, 2017, the Plaintiff and Ms. McEwan exchanged the text messages (excerpted in Answer to Paragraph 39 of Complaint, supra) concerning the purchase, finance, and return of the Escape. Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 41.

42. Paragraph 42 is admitted to the extent it alleges that, on or about June 5, 2017, Central Ford-Mercury re-took possession of the Escape, and the Plaintiff re-took possession of the Hyundai. Except as expressly admitted herein, Central Ford-Mercury denies the allegations of Paragraph 42. Central Ford-Mercury specifically denies that it repossessed the Escape, as there was never a lien in place with regard to that vehicle.

43. Central Ford-Mercury denies the allegations set forth in Paragraph 43.

44. Central Ford-Mercury denies the allegations set forth in Paragraph 44.

45. Central Ford-Mercury denies the allegations set forth in Paragraph 45.

46. Central Ford-Mercury admits the allegations set forth in Paragraph 46.

47. Central Ford-Mercury denies the allegations set forth in Paragraph 47.

## CAUSES OF ACTION
### COUNT "A" – Truth In Lending Act

48. Central Ford-Mercury denies the allegations set forth in Paragraph 48.

49. Central Ford-Mercury denies the allegations set forth in Paragraph 49.

50. Central Ford-Mercury denies the allegations set forth in Paragraph 50.

51. Central Ford-Mercury denies the allegations set forth in Paragraph 51.

### COUNT "B" – Credit Repair Organizations Act

52. Central Ford-Mercury denies the allegations set forth in Paragraph 52.

53. Central Ford-Mercury denies the allegations set forth in Paragraph 53.

### COUNT "C" – Connecticut Unfair Trade Practices Act

54. Central Ford-Mercury denies the allegations set forth in Paragraph 54.

55. Central Ford-Mercury denies the allegations set forth in Paragraph 55, including all of its sub-paragraphs.

56. Central Ford-Mercury denies the allegations set forth in Paragraph 56.

57. Central Ford-Mercury denies the allegations set forth in Paragraph 57.

### COUNT "D" – Connecticut Retail Installment Sales Financing Act

58. Central Ford-Mercury denies the allegations set forth in Paragraph 58.

59. Central Ford-Mercury denies the allegations set forth in Paragraph 59.

60. Central Ford-Mercury denies the allegations set forth in Paragraph 60.

61. Central Ford-Mercury denies the allegations set forth in Paragraph 61.

62. Central Ford-Mercury denies the allegations set forth in Paragraph 62.

### COUNT "E" – Uniform Commercial Code Article 9

63. Central Ford-Mercury denies the allegations set forth in Paragraph 63.

64. Central Ford-Mercury denies the allegations set forth in Paragraph 64.

65. Central Ford-Mercury denies the allegations set forth in Paragraph 65.

### COUNT "F" – Breach of Contract

66. Central Ford-Mercury denies the allegations set forth in Paragraph 66.

### COUNT "G" – Negligence

67. Central Ford-Mercury denies the allegations set forth in Paragraph 67.

68. Central Ford-Mercury denies the allegations set forth in Paragraph 68.

69. Central Ford-Mercury denies the allegations set forth in Paragraph 69.

## **AFFIRMATIVE DEFENSES**

### **General Denial**

To the extent not already addressed above, Central Ford-Mercury denies each allegation, demanding strict proof thereof.  Pursuant to its obligations to preserve any affirmative defenses, Central Ford-Mercury alleges, upon information and belief, as follows:

### **First Defense**

The claims the Plaintiff alleges in her Complaint are barred because the Plaintiff fraudulently induced Central Ford-Mercury into signing a retail installment contract (the "Contract") to purchase the subject Ford Escape as the Plaintiff fraudulently misrepresented to Central Ford-Mercury that she was employed full-time when she signed the Contract.  Based on that misrepresentation, Central Ford-Mercury sought to garner financing with Regional Acceptance Corporation, which was conditionally approved, contingent upon, inter alia, confirmation of the Plaintiff's employment status.  The Plaintiff knew at the time she made this representation that it was false.  Central Ford-Mercury would not have signed the Contract had the Plaintiff not made this misrepresentation.

### **Second Defense**

Equitable estoppel bars the Plaintiff's claims.  In support of this defense, Central Ford-Mercury incorporates by reference the allegations set forth in its First Affirmative Defense.

### Third Defense

The doctrine of unclean hands bars the Plaintiff's claims. The Plaintiff's conduct was not fair, equitable, and honest. In support of this defense, Central Ford-Mercury incorporates by reference the allegations set forth in its First Affirmative Defense.

### Fourth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

Any violation of the Truth in Lending Act and Regulations, which may have been committed, was the result of an act done or omitted in conformity with interpretation or approval by an official of the Federal Reserve System, duly authorized to issue such interpretations or approvals, or in conformity with the rules, regulations, interpretations, or commentaries of the Federal Reserve Board.

### Sixth Defense

If there was a violation of the Truth In Lending Act, it was the result of a bona fide error.

### Seventh Defense

Central Ford-Mercury may not be liable to the Plaintiff under the Credit Repair Organization Act because it is not a "credit repair organization," as the Act defines that term.

### Eighth Defense

The Plaintiff has failed to mitigate her damages.

### Ninth Defense

The doctrines of waiver and estoppel bar the Plaintiff's claims.

10

Central Ford-Mercury reserves the right to amend these affirmative defenses, and to assert other available defenses as additional information becomes available through discovery.

## JURY DEMAND

Central Ford-Mercury demands a jury on all issues so triable.

                Respectfully submitted by,

                DEFENDANT, THE CARTWRIGHT
                LIMITED PARTNERSHIP I d/b/a
                CENTRAL FORD-MERCURY


                    /s/ Robert E. Koosa
                Robert E. Koosa (ct26191)
                rkoosa@bonnerkiernan.com
                Bonner Kiernan Trebach & Crociata, LLP
                40 Court Street
                Boston, MA 02108
                617.426.0100
                617.426.0380 (facsimile)
                Its Attorney

## **CERTIFICATION**

      I hereby certify that on this date a copy of foregoing **The Cartwright Limited Partnership I's Answer, Affirmative Defenses, and Jury Claim** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Robert E. Koosa